Your Honor, this is an appeal from the Grant of Summary Judgment in favor of the United States. There were four general areas of costs that were considered by the court below. Direct material costs, fringe benefit costs, consulting expenses, subcontractors' settlements, and a claim for unabsorbed overhead. Let me make a suggestion to you. You don't spend a lot of time on the direct material costs. That's $95. I won't. I'll move on. You've already spent that much money up here. I understand, and I was surprised it was even an issue, but I'll move on. Thank you, Your Honor. With respect to the fringe benefit costs and the consulting expenses, however, those were denied. The big one was G&A. Yes. That's the big one. Yes, it was, Your Honor. It was in excess of $422,000. The fringe benefits and costs and consulting expenses, however, were denied because my client accounted for them as indirect expenses, even though they were direct expenses. By all definitions, in the But your client made that choice, and it's a perfectly legal accounting choice, isn't it? It is, but it doesn't bar, in our opinion, the claim for these costs as direct expenses when it's otherwise proper under FAR Section 49. Yes, but you made a choice as to which way to go under the FAR. Granted, the client Can't go both ways. I'm not suggesting that we do, Your Honor. I'm suggesting simply that at the level where settlement costs were considered, which they never were, they never were. We had to file the lawsuit first. So there was no opportunity to exchange with the terminating contracting officer, but I hate to tell you that happens all the time. I'm sure it does, and I'm not here to cry tears about that, Your Honor. I'm just saying I guess I too subtly suggested that you deal with a big number. Okay, I'm sorry. I guess it just went right over my head, Your Honor. Then right off the question of standby, right? Let's go to that, then. This was denied on the alleged failure of my client to satisfy the standby requirement, which, as the Court knows, is one of three tests that have to be met in order to qualify for using an Eichle type formula. Now, in the Nikon case How long do you think, or do you allege, your client was in standby on this contract? Two and a half years. What is the evidence that all of his men and equipment, men and women, and equipment and everything was sitting there in standby? Because the entire period of time that that was going on, he was tasked by the government with working on change orders first. Change orders that were not part of the original base contract amount. But was he actually building something? Well, he was involved... He had a cease work order the very same year that he got the contract. With respect to the base contract, that's correct, Your Honor. But, there was an issue with the fire evacuation discovered afterwards. The question is, what was he doing during that two and a half years? Well, he was waiting to be notified to proceed with the base contract, and he was working on change orders, Your Honor. Or sitting in his office smoking cigars, waiting for the government to call him? You know what? I don't think that executives of construction companies actually work on the sites at all, to be honest with you. So, did you have proof? Is there proof in the record that you kept workers and equipment on site? There was an admission by the... I asked you if there was proof, so your answer is... The client's affidavit, Your Honor, spoke to that. The affidavit of his claims consulting experts spoke to that. Those were ignored. I mean, you can argue whether they were credible or not, but that's not the function of the court at this level. The court should have looked at that evidence and said, well, this was a genuine issue of material fact that should have been solved at trial, but they didn't do that. So, your client testified as to the expenses, the number of workers he kept, where they were, how he paid them, and they were required to be there? He didn't itemize them in detail, no, but he was never given an opportunity to itemize anything. This was on summary judgment. There were affidavits and depositions. That was the only evidence before the court. There was no consideration of this claim by the speaks to that, that once the termination for convenience note is issued, it's the obligation of the terminating contracting officer to contact the contractor and attempt to negotiate a settlement of these costs. That was not done. My client was stonewalled. The government took the position that my client's execution of a release of claims on a payment application on a change order barred him from making any claim at all because they said it was a release of all claims. Well, you have a legitimate complaint. The government did not behave correctly in terms of responding to your initial request. They also conceded liability. The problem is you still need to prove up your damages. I know. And how much did you walk away with? I mean, your client testified. My client was awarded slightly over $30,000 on a claim in excess of $563,000. But they had previously gotten some other money, right? Yes, with respect to expenses relating to securing a bond and submitting submittals for costs. Yes, they received that. They got $113,000. Right. And that was for the change order work as well, Your Honor. Now, those are separate. Those are things that my client didn't bid on prior to being awarded the contract. They were additional work that were discovered based on an architect there failing to put in a fire escape in the lobby of the John Weld Peck Federal Courthouse. And the local fire department identified that and informed the parties that that had to be done. And at that point in time, the thrust of my client's activity was directed to solving that problem. And there were three change orders that were granted and completed by my client. Did he get paid for that work? He got paid for the change orders only. And he was required to stay on standby for two and a half years with respect to the base contract. What is the status of the Columbus building now? At this point in time, I don't know whether it's been finished or not. Well, you just said he's required to stay on standby. Yeah, he was required to stay on standby in the sense that he was waiting to receive a notice to proceed by the government for a period of two and a half years, up until weeks before he got the termination for convenience letter. He received emails from people in the GSA saying that they were waiting to receive his notice to proceed and he should be ready to proceed. And then, within a matter of weeks or less, he was given a termination for convenience letter and was told by the contracting officer that they regarded the contract as closed because there was a release of all claims. The government wouldn't even entertain negotiation on... Well, at that point, why would he be on standby if they had told him... No, it wasn't then, but the claim was for the period from the initial contract date in 2006 through the termination convenience date. Two and a half years. It's a long time. And to be told that you have to be ready to start and proceed immediately to your work puts a burden on a client. So he was told, you had notices in the record that he was told by the government sometime between November 16th and 2006 that he had to remain in standby at all times? Yes, and the contracting officer admitted that in her deposition. Well, she came on the scene two years after all of this happened and had no personal knowledge of what conversations, if any, occurred at the time that they put the hold order on. So I think that goes... She's not much of a witness. That's a credibility argument, Your Honor. And this was on summary judgment. Well, and the trial judge decided that the credibility wasn't there. And he shouldn't have because this was on the motion for summary judgment of the United States. He should have determined that this presented a genuine issue of material fact for a trial and he didn't do that. Well, in any event, one other thing that happened was after the court initially ruled on the release issue in our favor, the government conceded liability. Now the G&A expense issue, especially the issue of standby, is an entitlement issue. Your West v. Allstate boiler case specifically speaks to that. And so if you want to look at it from the standpoint that they conceded the standby issue, or if you want to look at it from the standpoint that there was a genuine issue of material fact that barred the grant of summary judgment, either way, it was erroneous to dismiss it on the basis of the standby issue. Now when you say they conceded, you're talking about the remark of yes by the subsequent contracting officer. No, I'm talking about counsel for the government, in this case, in the Joint Supreme Court. The status report submitted to the Court of Claims at Joint Appendix 128 conceded liability after the release issue was determined. And the only thing that was left was whether they had provided a sufficient argument to sustain summary judgment on the issue of damages. So whether it's that point or whether you say that there was a genuine issue of material fact, it still makes the decision of the court on the G&A expenses erroneous in our opinion. And I see my time has expired. I'd like to reserve the remaining time. Thank you. Counsel, let's get right to the nub of this case. We only talked about $95. Let's talk about the $406,000 under the standby issue. Why isn't that in dispute? It is, whether they are on standby, right? There's evidence going both ways. How do you decide that on summary judgment? Your Honor, two responses to your question. First of all, this argument was not raised below. It has been waived, this argument, with respect to the standby issue, but with respect to what the evidence shows. Well, hold on a minute. You mean they didn't contest the standby issue below? Well, they did not. With respect to the argument that the government had conceded that Linus was on standby, that argument was not raised below. Standby was an issue, and the trial court addressed it on standby. I'm not worried about whether the government conceded because that's a question of fact, right? Is that a question of fact or isn't it? Yes or no? It is, Your Honor. Okay. So that's a question of fact, whether the government conceded they were on standby. They say they were on standby. The government says they weren't on standby. Wasn't that a dispute? Well, Your Honor, on the question of whether the government conceded liability, I want to make clear that that is a question of fact as it pertains to the government's position in the case. It is not a fact that is underlying in the dispute. The government, it, and we accept that your concession of liability did not include that they were on standby. Okay. Okay. So, but with your initial question got to what the evidence relates to, and I will respond to that. Your Honor, what the trial court properly recognized was that there, in order to prove standby, you need to have either direct evidence or indirect evidence. There was no evidence put forward before the trial court of any indication, any directive from the contracting officer saying to the contractor that you need to remain on standby. Well, that's because the contracting officer never responded to their inquiry as to what they were supposed to do after they got the stop order. What are they supposed to do if the government won't tell them what they're supposed to do? Well, Your Honor, I'm not sure that the record reflects that exactly, transpired that way. What happened was there was an issue that arose with respect to the design of the building. For that reason, they did put, they suspended the notice to proceed. Further work was done pursuant to other change orders. But what you need to find in order to have standby is some either direct evidence, as the court recognized in the Nikon case under this strict prerequisite, direct evidence of a, either in the form of a directive from the contracting officer or something of that nature, or indirect evidence. And what Linus pointed to below was this one statement by the contracting officer, as Your Honor indicated, she was not personally involved. She became involved several years later. Now, the trial court properly recognized, it was not a weighing of the evidence, it was a, the question before the trial court was, is there a genuine issue of material fact? That is a judgment. It is a judgment that is based on the record that is presented before the trial court. The Supreme Court has recognized in Anderson v. Liberty Lobby, when you, when a party moves for summary judgment, the burden sheds to the other party to demonstrate that there is evidence to create a genuine issue of material fact. Did Linus testify that they felt they were on standby? No, Your Honor, that the affidavit that is before you and that it is, that Linus cites to you now, which is at JA 173, is not testimony about Linus being on standby. It is a list essentially of documents that were submitted as part of the affidavit. And Linus did not rely on that affidavit below. So what you have in a sense, in essence, is the record before the trial court was the absence of any evidence of standby, aside from a one-word answer to a single question in a deposition. And it was appropriate for the trial court to say, that's not enough to get to trial. That is an appropriate application of the rules for summary judgment. It does not create a triable issue reasonable for a fact finder to find that they were on standby. And there is another part of the court's opinion that Linus does not pay sufficient attention to. And that is, there is an independent basis for finding that Linus was not on standby. That is, it intended to rely heavily on subcontractors to do this work. And what the trial court noted, and this is at JA 8 of the Joint Appendix, the trial court noted that in that regard under the court precedent, the contractor is not on standby because he could not demonstrate, it could guarantee the availability of all these subcontractors to be ready to mobilize and come back to work. And that was a separate and independent basis that Linus has not rebutted as to why he could not prevail. But isn't that Linus' problem, not the government's? Isn't it Linus' problem? If he's claiming he's on standby, and he doesn't have subcontractors, that's his problem. Right? Well, yes, Your Honor, but it is a... Maybe he has a list of other subcontractors. Perhaps, Your Honor, but the point I'm trying to make is, the burden was on Linus to demonstrate that it could mobilize those subcontractors, that it had some means of mobilizing these subcontractors if it was required to come back. And that it suffered a loss by the fact that it was on standby, and the fact that they didn't demonstrate they had any contracts with many of these subcontractors demonstrates that they didn't incur any costs in connection with being on standby, right? Well, Your Honor, that is a slightly separate question insofar as it relates to the question of the settlement agreements, which I can turn to. But there is evidence to suggest that they did engage subcontractors for purposes of this contract. But because performance did not begin, that work did not get going in any significant way. So you're talking about, they say, the court says on JA, plaintiff offers no evidence to suggest it could guarantee the availability of its subcontractors or their ability to perform the contract immediately at full strength. Is that what you're talking about? Yes, I am, Your Honor. That is what I'm referring to as this independent basis for finding that there was no standby. And that was an appropriate decision for the trial court to make. I want to turn to the question of the subcontractor settlement agreements, which did not come up in the question of Lyness's counsel. But there is no genuine dispute of material fact as to the fact that Lyness did not provide the requisite documentation. When it submitted the settlement proposal for a termination of convenience, it had the burden under the FAR 49.108-3 of providing this documentation in the form of invoices, supporting documentation, and the actual settlement agreements with the subcontractors. And what the GSA auditors found is that Lyness had not satisfied that requirement. The arguments that it's making now are insufficient to overcome that failure to comply with that requirement. They argue, for example, these arguments have all been raised for the first time and are waived for that reason, but they argue that somehow they were prevented from providing this documentation, which is contradicted by what they argued to the court below, where they essentially argued that we did comply with this, we provided some invoices and the like. But the bottom line is the court found that you needed to provide the actual subcontract settlement agreements in order to meet this requirement. So the trial court's entry of summary judgment on that question was appropriate. With respect to the fringe benefit and consulting expenses costs, what the trial court appropriately recognized is that because Lyness had accounted for these costs as indirect costs in its accounting system, and that is not in dispute, as counsel just indicated, that was a business decision, that was a judgment that Lyness made, whether appropriately or not, it accounted for these costs as indirect costs. Accordingly, as the and that to therefore be able to recover those costs twice, in effect, as direct and indirect, would violate this principle of double accounting, which is prohibited by the FAR. And that is the principle that we're advocating. Was the government still contracting with Lyness over this building or other buildings? What's going on? Your Honor, factually, I'm not sure. What I do understand is this contract was ultimately terminated because the contract was reaching its threshold in terms of the budgetary allocation that was available for it. So whether or not a further contractor was engaged to finish this lobby renovation, I don't know. But certainly with respect to Lyness, that engagement did happen. So for these reasons, we respectfully request that the court affirm the judgment below. I'd like to direct first my comment on the standby issue. The standby issue was not even raised by the parties' arguments before. The standby issue was not raised by either of the parties below in the court of claims. This was something that the court took upon it by itself and focused on. That doesn't help you, does it? It helps us in the sense that we're arguing that there was no issue regarding standby. But it's your job to raise issues and not the proofs. We did factually. We provided the evidence in support of our motion for summary judgment. We provided the affidavit of a claims expert to show how the indirect costs should be allocated. Did you provide evidence on being on standby? You just got through saying it wasn't even before the court. The issue of standby was not focused on by the court. It was there in the sense that it's always been. But it's focused on by your counsel. By either counsel. And your answer is needed. But recall that we're talking about the government's motion for summary judgment. They did not The burden was on you. No, the burden was on them to identify why they think they're entitled to judgment as a matter of law. They did not raise the standby issue. They did not say that our claim for G&A expenses should be denied because we did not meet the standby issue. They never argued that. So the district court, the court of claims judge, I mean there's a section Suis Ponte just took up the issue even though But there was this witness, Miss Bradbury, who we've been talking about. So there was some discussion in this proceeding. Right. And that's why she had conceded that the client was Yeah, but my point is, so obviously the issue was on the table. It was on the table in the sense that it's required to be addressed as part of your overall claim. But after the deposition testimony was provided and it was an admission by a party opponent, the terminating contracting officer said yes, my client was on standby. That issue was not an issue any longer until the court below took it upon itself to raise it as an issue again. Now when they focused on her deposition testimony and said that it wasn't credible or it was insufficient, they were illegally weighing the evidence. This is an important issue. Let's see if we're clear on this, Mr. Walsh. You filed a certified claim. Yes. Did that certified claim include $422,830 for standby costs? Yes. So you raised it in your certified claim. That's right. The litigation was over payment of that certified claim. It was. But you put in no evidence to support the fact that your claim was for standby. No, that's incorrect. Well, then explain yourself, please. We filed the testimony and her deposition is in the Joint Appendix, Your Honor. It's the deposition of Erica Bradbury. She was specifically asked that question during her deposition. Was Linus on standby? We're familiar with that. She said yes. Was that the extent of your evidence on the issue? Plus the affidavits signed and filed on behalf of my client and his claims expert. Yes, Your Honor. Okay. That's helpful. Thank you. You can look at that evidence and say, you know what, if I'm a trial judge, that's garbage and I won't grant you judgment on it. That's what he did. Well, not in his role as a trier of fact. He just granted on the grounds that it wasn't sufficient evidentiary showing on behalf of my client at the summary judgment level. And that's the distinction. He should have let it go to a trial and given us a chance to present all of our evidence. Thank you. Thank you, Your Honor.